Filed 8/21/24  P. v. Piquinto CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>CATALINO MORALES PIQUINTO,<br><br>    Defendant and Appellant. | F087718<br><br>(Super. Ct. No. VCF434843)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Jennifer Conn Shirk, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a no contest plea that finally disposes of all issues between the parties. (Cal. Rules of Court,[1] rule 8.304(b); Pen. Code,[2] § 1237.5.)

## STATEMENT OF THE CASE

On October 26, 2022, the Tulare County District Attorney filed a complaint charging Piquinto with ten counts of a lewd act upon a child under the age of 14 (§ 288, subd. (a)) and alleged with respect to counts 1 through 4 that he had substantial sexual conduct with a child under the age of 14. (§ 1203.066, subd. (a)(8).)

On November 16, 2023, Piquinto pleaded no contest to three counts of a lewd act upon a child under the age of 14 (§ 288, subd.(a)) and admitted that he had substantial sexual conduct with a child under the age of 14 (§ 1203.066, subd. (a)(8)) on the condition that he receive a 12-year sentence and the remaining charges and allegations be dismissed at sentencing. The parties stipulated to a Tulare Police Department report as the factual basis for the plea. Piquinto also stipulated to three aggravating factors, including a vulnerable victim (rule 4.421(a)(3)), violent conduct (rule 4.421(b)(1)), and planning and sophistication (rule 4.421(a)(8).) Piquinto waived his right to appeal.[3]

On January 18, 2024, the trial court sentenced Pinquito to the upper term of eight years on count 1, and one the third the mid-term of two years, consecutively, on counts 2 and 3, for a total of 12 years.

Over objection, the trial court imposed a $10,000 restitution fine (§ 1202.4, subd. (b)); a suspended $10,000 probation revocation restitution fine (§ 1202.45); three

---

[1] Subsequent rule references are to the California Rules of Court.

[2] All statutory references are to the Penal Code unless otherwise stated.

[3] At sentencing, however, the trial court reassured Piquinto that he had the right to file a notice of appeal within 60 days.

court security fines totaling $120 (§ 1465.8); three criminal assessment fines totaling $90 (Gov. Code, § 70373); a $300 sex offender registration fine (§ 290.3); and reserved jurisdiction for direct restitution. The court awarded Pinquito 451 actual days and 67 days of conduct credit for a total of 518 days.

On March 6, 2024, Pinquito filed a timely notice of appeal.

## STATEMENT OF FACTS[4]

On March 7, 2022, I.T. told the police that, when she was between 10 and 14 years old, Piquinto kissed her, touched her chest, penetrated her vagina with his fingers, had her touch his penis, and rubbed his penis against her buttocks. On December 24, 2022, Pinquito admitted to kissing I.T., touching her chest, and penetrating her vagina with his fingers three times on one occasion.

## APPELLATE COURT REVIEW

Piquinto's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Piquinto was advised he could file his own brief with this court. By letter on June 26, 2024, we invited Piquinto to submit additional briefing.

On July 23, 2024, Piquinto's counsel filed an application for permission to file a supplemental brief on Piquinto's behalf, accompanied by the supplemental brief, stating that Piquinto had spoken to him and said he would like to raise a restitution issue, but was unable to do so due to his poor understanding of English. Piquinto asked counsel to raise the issue. Counsel stated that after conducting further research, "I have determined that raising the issue is needed to further his best interests. Therefore, [Piquinto] requests permission to file his supplemental brief raising this issue." After receiving the

---

[4] The facts are drawn from the probation officer's report.

supplemental brief, we asked appellate counsel to clarify whether his intent was for the supplemental brief to be Piquinto's response to the *Wende* brief. Piquinto's counsel confirmed it was. We have considered the Supplemental Brief, but it presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Piquinto.

## DISPOSITION

The judgment is affirmed.